UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Plus Plus IP LLC,

        Plaintiff,

v.

Ushi Company LLC, 7908 Aspen LLC, and Jeffrey Berk,

        Defendants.

Civil Action No. 1:24-CV-02158

# COMPLAINT

Plaintiff Plus Plus IP LLC ("Plus Plus" or "Plaintiff") files this Complaint seeking a judgment and injunctive relief against Defendants Ushi Company LLC ("Ushi"), 7908 Aspen LLC ("7908 LLC"), and Jeffrey Berk (collectively, "Defendants") for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and for trademark infringement and unfair competition under the common law of the State of Colorado. Defendants are improperly using Plus Plus's trademarks and other intellectual property to confuse consumers and unfairly profit from Plus Plus's goodwill, and Defendants' activities will likely continue to cause consumer confusion unless enjoined.

## THE PARTIES

1. Plaintiff Plus Plus IP LLC is a Florida Limited Liability Company with a place of business of 771 Fairway Drive, Miami Beach, FL 33141.

2. Defendant Ushi Company LLC is a Florida limited liability company with a place of business at 174 Watercolor Way, Santa Rosa Beach, FL 32459. Ushi is doing business in this

1

judicial district.

3. Defendant 7908 Aspen LLC, a subsidiary of Ushi, is a Colorado limited liability company with a place of business at 415 East Hyman Avenue, Aspen, CO 81611. 7908 LLC is doing business in this judicial district.

4. Defendant Jeffrey Berk is an individual who, on information and belief, resides in Florida at 197 Camp Creek Road S, Inlet Beach, FL 32461. Mr. Berk is doing business in this judicial district.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1367.

6. This suit is based on a federal question and statute, namely 15 U.S.C. §§ 1051 *et seq*.

7. Supplemental jurisdiction over the causes of action under Colorado state law is proper pursuant to 28 U.S.C. § 1367, because the state law claims are substantially related to the causes of action over which this court has original jurisdiction.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants do and transact business, and have committed the tortious acts complained of, within this judicial district.

## BACKGROUND

9. This lawsuit arises out of Defendants' unlawful and unsanctioned use of intellectual property owned by Plus Plus.

10. Plus Plus is a limited liability company formed in 2022 by non-party Joseph Lahoud to hold intellectual property developed by Mr. Lahoud and his partners in connection with

restaurants they have developed, and it remains today under Mr. Lahoud's control as its CEO. Plus Plus is the lawful owner of all intellectual property at issue in this action.

11. In 2022, Mr. Lahoud and his partners began work on a restaurant concept in Aspen, Colorado, named "Madame Ushi."

12. In connection with that pursuit, Mr. Lahoud and his partners formed Defendant Ushi. Ushi then acquired 7908 LLC, a subsidiary of Ushi that holds many of the operating assets associated with the Madame Ushi restaurant.

13. Other investors also provided funds to Ushi, and such other investors included an entity affiliated with Defendant Berk and his wife. All investors in Ushi signed and agreed to be bound by Ushi's operating agreement (the "Ushi Operating Agreement").

14. Under the Operating Agreement, Ushi is managed by a Manager. The Operating Agreement named non-party Plus Plus Group Ventures ("PPGV") as Ushi's initial Manager.

15. PPGV is a Florida limited liability company owned and controlled by Mr. Lahoud, who is also CEO of PPGV. PPGV is thus under common control with Plus Plus. PPGV is a Class B Member of Ushi and remained Ushi's Manager from Ushi's inception until May 2024.

16. In the Ushi Operating Agreement, all investors agreed that all intellectual property associated with the Madame Ushi concept—of any kind or nature, whenever developed (the "Ushi IP")—was owned by Plus Plus. The Ushi IP includes, among other things, the MADAME USHI mark, the https://madameushiaspen.com/ domain name, and the restaurant's logo:



17. The parties agreed that, as long as PPGV remained the Manager of Ushi, Plus Plus would grant Ushi and a related entity a royalty-free license to use the Ushi IP, but if at any time PPGV ceased to be Ushi's Manager, the license would terminate.

18. Specifically, Section 3.2 of the Operating Agreement provides that:

> Notwithstanding anything contained herein to the contrary, it is expressly understood that Plus Plus IP LLC (owned by the principals of [PPGV])_ shall own all trademarks, service marks, copyrights, patents, domain names, trade secrets, logos, processes, methods, databases and data collections, customer lists, menus, cooking methods, recipes, concepts, ideas, inventions, and any other proprietary, intellectual, or industrial property rights of any kind or nature now known or hereafter recognized in any jurisdiction worldwide which is related in any way or manner to the Ushi Steakhouse/Madame Ushi concept ("Ushi IP"), whether created or written by a Member, Manager, or Officer of the Company or 7908 LLC, alone or with others, during a period of association of the Company, and whether or not such Ushi IP can be patented, copyrighted, or trademarked. **As long [PPGV] remains the Manager of the Company, Plus Plus IP LLC grants the**

> **Company and 7908 LLC a royalty free license to use the Ushi IP in connection with the ordinary business of the Company and 7908 LLC**.

(emphasis added).

19. The Madame Ushi restaurant opened in December 2022 at 415 E. Hyman Avenue, Aspen, Colorado. Mr. Lahoud and PPGV actively managed and developed the restaurant and its brand, and thanks to their expertise, the restaurant was a success. Critics labeled Madame Ushi a "culinary haven [that] effortlessly aligns with a feminine spirited atmosphere, adding an extra layer of elegance to the dining experience" and a "hidden gem [that] offers an array of only the freshest seafood sourced from farms and distributors worldwide, so no roll goes unnoticed."

20. Madame Ushi's success was attributable in no small part to strong intellectual property that Plus Plus, through its CEO Mr. Lahoud and affiliated entity PPGV, developed to identify and distinguish the MADAME USHI brand.

21. PPGV and Plus Plus invested in establishing, developing, and promoting the MADAME USHI mark, including through Madame Ushi's website, https://madameushiaspen.com/.

22. The MADAME USHI mark, which combines a polite term of address for a lady with the Japanese word for Ox, is not descriptive of the services provided by PPGV and Plus Plus, and is therefore inherently distinctive.

23. Through investment in the MADAME USHI mark, PPGV and Plus Plus developed substantial goodwill in this brand. As a result, the MADAME USHI mark has become a strong and distinctive mark, has long been associated with the Madame Ushi restaurant under PPGV and Mr. Lahoud's management, identifies PPGV and Mr. Lahoud's hospitality services, and identifies

PPGV and Mr. Lahoud as the source of those services and goods. Plus Plus, through Mr. Lahoud, oversees, monitors, and controls PPGV and Ushi's use of the Ushi IP.

24. The Madame Ushi logo, which comprises a unique and hand drawn version of the Japanese character Ushi, in a stylized circular border, is not descriptive of the services provided by PPGV and Plus Plus, and is therefore inherently distinctive.

25. Through investment in the Madame Ushi Logo, PPGV and Plus Plus developed substantial goodwill in this brand. As a result, the Madame Ushi Logo has become a strong and distinctive mark, has long been associated with the Madame Ushi restaurant under PPGV and Mr. Lahoud's management, identifies PPGV and Mr. Lahoud's hospitality services, and identifies PPGV and Mr. Lahoud as the source of those services and goods.

26. Through these development activities and pursuant to the Operating Agreement, Plus Plus acquired common law trademark rights in the MADAME USHI trademark, the Madame Ushi logo, and https://madameushiaspen.com/, among other intellectual property.

27. Under the Operating Agreement, Plus Plus licensed the MADAME USHI trademark and logo to Ushi along with https://madameushiaspen.com/, and other intellectual property, but only for as long as PPGV remained Ushi's Manager.

## DEFENDANTS' INFRINGEMENT

28. In May of 2024, PPGV resigned as Manager of Ushi, and was replaced by Defendant Berk as Interim Manager.

29. Accordingly, the provision of the Operating Agreement that "grants [Ushi] and 7908 LLC a royalty free license to use the Ushi IP" is no longer applicable, because PPGV is no longer the "Manager of the Company" and therefore the license has terminated.

30. Plus Plus has not granted Ushi and 7908 LLC a license to continue using the MADAME USHI mark and accompanying intellectual property. In advance of filing this lawsuit, Plus Plus reached out repeatedly to Ushi's representatives about entering into a license agreement. Ushi refused to negotiate a license agreement, disputing that Plus Plus had rights to the Ushi IP.

31. Ushi has no legal right to continue using Plus Plus's the MADAME USHI mark and logo, or other Ushi IP.

32. Nevertheless, Ushi has continued to impermissibly use Plus Plus's MADAME USHI mark and logo and other Ushi IP.

33. As of the filing of this Complaint, Ushi continues to operate the restaurant located at 415 E. Hyman Avenue, Aspen, Colorado using the MADAME USHI mark, continues to use the Madame Ushi logo to advertise that restaurant, and continues to use the https://madameushiaspen.com/ domain name to market its services.

34. The services and products in connection with which Defendants use the MADAME USHI mark and logo and accompanying intellectual property are substantially identical to the services and products with which Plus Plus and PPGV used the MADAME USHI mark and accompanying intellectual property.

35. The prospective users and purchasers are the same, as are the relevant public and channels of trade. On information and belief, Defendants' prospective users and purchasers are confused by Defendants' use of the MADAME USHI mark and accompanying intellectual property with identical and closely related products and services. Defendants' improper and unauthorized use of the MADAME USHI mark and accompanying intellectual property creates the false impression that Plus Plus and Defendants are somehow affiliated.

36. Defendants continue to operate under the MADAME USHI mark and use the associated intellectual property with a bad faith intent to profit from Plus Plus's marks and intellectual property.

37. Defendants' use of the MADAME USHI mark and associated intellectual property is without Plus Plus's authorization or consent.

38. On information and belief, Defendants' unauthorized use of the MADAME USHI mark and associated intellectual property has caused, and is likely to continue to cause, confusion and mistake among consumers as to source, sponsorship, and/or approval of Defendants' services, as well as confusion as to whether there is any affiliation, connection, or association between Defendants and their services on the one hand and Plus Plus on the other.

39. On information and belief, Defendants' use of marks identical to Plus Plus's MADAME USHI mark and its accompanying intellectual property has caused and is causing actual confusion and initial interest confusion among consumers.

## BERK'S LIABILITY FOR INFRINGEMENT

40. Berk is, and has been, the Interim Manager of Ushi since May 31, 2024.

41. Upon information and belief, Berk controls Ushi and 7908 LLC.

42. Upon information and belief, Berk directs and/or controls the intellectual property used in Madame Ushi's Aspen, Colorado restaurant location.

43. Upon information and belief, Berk directs and/or controls the design and development of https://madameushiaspen.com/.

44. Berk had reason to know that the MADAME USHI mark, logo, and related intellectual property infringes upon Plus Plus's protected intellectual property. Berk is aware of

8

the Operating Agreement, which specifies that "Plus Plus IP LLC . . . shall own all trademarks" and other Ushi IP, and that Ushi only had a "royalty free license" to use the intellectual property while "PPGV remains the Manager of [Ushi]."

45. Berk is directly liable for infringement because, on information and belief, he personally directed the acts of infringement.

46. Upon information and belief, Berk has a direct or indirect financial interest in Ushi. Accordingly, Berk has directly benefited from the infringement.

47. Berk is also contributorily liable for Ushi's infringement because, upon information and belief and as described above, Berk had knowledge or reason to know of Ushi's infringement, and Berk induced, caused, or materially contributed to Ushi's infringement.

## COUNT I
## Federal Trademark Infringement, 11 U.S.C. § 1125(a)
**(Against All Defendants)**

48. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

49. Plus Plus owns protectable marks in the MADAME USHI mark and logo and other associated intellectual property.

50. Defendants have used the MADAME mark and logo and other associated intellectual property in commerce, which marks are identical to Plus Plus's MADAME USHI mark and accompanying intellectual property. Defendants' use of the MADAME USHI mark and logo and other associated intellectual property in interstate commerce, including on the internet, constitutes infringement of Plus Plus's marks.

51. Defendants' conduct has caused and is likely to continue to cause confusion,

mistake, and deception among consumers as to the source of its products and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Defendants' use in commerce of Plus Plus's marks has caused loss of goodwill and profits to Plus Plus, has unjustly enriched Defendants, and has injured the public by causing confusion, mistake, and deception.

53. Defendants have used Plus Plus's marks in commerce with the knowledge and intent that such use cause confusion, mistake, and deception among the purchasing public.

54. Pursuant to 15 U.S.C. § 1116(a), Plus Plus is entitled to injunctive relief to prevent Defendants' continued use of the MADAME USHI mark and associated intellectual property in commerce.

55. Pursuant to 15 U.S.C. § 1117(a), Plus Plus is entitled to damages for Defendants' use in commerce of Plus Plus's marks, an accounting of profits made by Defendants, and recovery of Plus Plus's costs of this action.

56. The blatant and intentional use of Plus Plus's marks by Defendants makes this an exceptional case entitling Plus Plus to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

57. Plus Plus is also entitled to prejudgment interest on their recovery.

## COUNT II
## Unfair Competition, 15 U.S.C. § 1125(a)
**(Against All Defendants)**

58. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

59. Plus Plus owns protectable marks in the MADAME USHI mark and logo and other

10

associated intellectual property.

60. Defendants' use of the MADAME USHI mark and logo and other associated intellectual property in interstate commerce in connection with Defendants' services as an upscale restaurant misrepresents the nature, characteristics, qualities, and/or origin of Defendants' goods and services and further deceives consumers into the mistaken belief that the goods and services of Defendants are the goods and services of Plus Plus and/or PPGV, and that Plus Plus and Defendants are in some way associated or affiliated with each other, all to Plus Plus's substantial damage.

61. Defendants' continued use of Plus Plus's intellectual property has the tendency to deceive a substantial segment of its audience.

62. Defendants' misleading use of Plus Plus's intellectual property is material in that it is likely to influence purchasing and use decisions.

63. Defendants caused the misleading statement to enter interstate commerce.

64. Defendants' improper use of the MADAME USHI mark and logo, and other associated intellectual property, along with their misleading statements, constitutes unfair competition, false advertising, false designation of origin, and/or false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Plus Plus has been damaged by Defendants' improper activities. Defendants' unlawful acts have caused, and will continue to cause, irreparable harm to Plus Plus unless the Court enjoins Defendants.

11

**COUNT III**
**Trademark Infringement – Contributory Liability, 11 U.S.C. § 1125(a)**
**(Against Defendant Berk)**

66. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

67. Berk is contributorily liable for Ushi's infringement of Plus Plus's trademark because he had knowledge of Ushi's infringing activity and induced, caused, or materially contributed to Ushi's infringing conduct.

68. As a direct and proximate cause of Berk's conduct, Plus Plus has suffered and will continue to suffer monetary damages.

**COUNT IV**
**Common Law Trademark Infringement**
**(Against All Defendants)**

69. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

70. Defendants' acts constitute trademark infringement under the common law of the State of Colorado.

71. Defendants' acts of trademark infringement entitle Plus Plus to recover its damages and costs of this action, together with an accounting of profits made by Defendants.

72. Defendants' acts have been malicious and calculated to injure Plus Plus.

73. The willful, wanton, and malicious nature of Defendants' conduct entitles Plus Plus to an award of its reasonable attorney's fees and punitive damages against Defendants.

74. Defendants' infringement of Plus Plus's marks is irreparably injuring Plus Plus's goodwill, and unless enjoined by this court, will continue to do so.

75. Further, Plus Plus may not have an adequate legal remedy in the event money damages cannot properly be calculated.

76. Under the common law of the State of Colorado, Plus Plus is entitled to injunctive relief to prevent Defendants' continuing trademark infringement.

### COUNT V
### Violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(a)
### (Against All Defendants)

77. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

78. Plus Plus owns protectable marks in the MADAME USHI mark and logo and other associated intellectual property.

79. Defendants' use of the MADAME USHI mark and logo, and other associated intellectual property in connection with Defendants' services as an upscale restaurant misrepresents the nature, characteristics, qualities, and/or origin of Defendants' goods and services and further deceives consumers into the mistaken belief that the goods and services of Defendants are the goods and services of Plus Plus and/or PPGV, and that Plus Plus and Defendants are in some way associated or affiliated with each other, all to Plus Plus's substantial damage.

80. Defendants' continued use of Plus Plus's intellectual property has the tendency to deceive a substantial segment of its audience.

81. Defendants have used and are using Plus Plus's intellectual property intentionally and in bad faith.

82. Defendants' misleading use of Plus Plus's intellectual property is material in that it is likely to influence purchasing and use decisions.

83. Defendants' improper use of the MADAME USHI mark and logo, and other associated intellectual property, along with their misleading statements, constitutes unfair competition, false advertising, false designation of origin, and/or false description under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(a).

84. Plus Plus has been damaged by Defendants' improper activities. Defendants' unlawful acts have caused, and will continue to cause, irreparable harm to Plus Plus unless the Court enjoins Defendants.

## COUNT VI
## Common Law Trademark Infringement – Contributory Liability
### (Against Defendant Berk)

85. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

86. Berk is contributorily liable for Ushi's infringement of Plus Plus's trademark because he had knowledge of Ushi's infringing activity and induced, caused, or materially contributed to Ushi's infringing conduct.

87. As a direct and proximate cause of Berk's conduct, Plus Plus has suffered and will continue to suffer monetary damages.

## JURY DEMAND

88. Plus Plus hereby demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

1. The Court find that Plus Plus owns valid and subsisting trademarks.

2. Defendants be held liable under each claim for relief set forth in this Complaint.

3. Defendants, their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be enjoined from using or selling goods or services displaying the MADAME USHI mark, or any other confusingly similar variation of the MADAME USHI mark, or the Madame Ushi logo or associated intellectual property, alone or in combination with other words or designs, as a trademark or service mark, trade name or domain name, or in the advertising, distribution, sale, or offering for sale of Defendants' products and/or services.

4. Defendants be ordered to not register any domain names that are the same or similar to Plus Plus's MADAME USHI mark.

5. Defendants be ordered to deactivate any sponsored links for any search term that includes MADAME USHI or USHI or other similar marks.

6. Defendants be ordered to cease and desist from using any other web, print, or video content published or produced by Defendants or their agents that uses the MADAME USHI mark or similar marks, and to destroy and/or deactivate any existing content.

7. Defendants be ordered to cease and desist from:

    a. Unfairly competing with Plus Plus in any manner whatsoever;

    b. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plus Plus's marks, symbols, labels, or forms of advertisement; and

    c. Committing trademark infringement, false advertising, false designation of origin, false descriptions, unfair competition, and/or any other act or making any other statement that infringes Plus Plus's trademarks or constitutes an

15

act of trademark infringement, false advertising, false designation of origin, false descriptions, and/or unfair competition, or deceptive trade practices under federal law, common law, or the laws of the State of Colorado.

8. Defendants be ordered to pay to Plus Plus all damages Plus Plus has suffered by reason of Defendants' unlawful acts set forth herein, including treble damages, together with legal interest from the date of accrual thereof.

9. Defendants be required to account for and pay to Plus Plus all profits wrongfully derived by Defendants through their unlawful acts set forth herein, including treble damages, together with legal interest from the date of accrual thereof.

10. Defendants be required to pay to Plus Plus punitive damages in an amount determined by this court, for Defendants' deliberate and willful trademark infringement and unfair competition.

11. Defendants be required to pay to Plus Plus its attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and Colo. Rev. Stat. § 6-1-113 and the equity powers of this court.

12. Defendants be required to pay to Plus Plus the costs of this action.

Dated: August 5, 2024

Respectfully submitted,

Plaintiff
Plus Plus IP LLC

By its attorneys,

/s/ *Robert D. Carroll*
Robert D. Carroll

Todd Marabella
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel.:  617.570.1000
Fax.:  617.523.1231
RCarroll@goodwinlaw.com
TMarabella@goodwinlaw.com

17